Melissa Jane Dix, a Minor, by Edwin Dix, Her Father and Next Friend, Plaintiff-Appellant, v. Donald E. Buell, Defendant-Appellee.

Gen. No. 64–6.

Second District.

December 28, 1964.

Maynard & Maynard, of Rockford (James F. Maynard, of counsel), for appellant.

Williams, McCarthy & Kinley, of Rockford (John C. McCarthy and George J. Picha, of counsel), for appellee.

ABRAHAMSON, P. J.

This is an action instituted in behalf of a minor plaintiff to recover damages for injuries she sustained when struck by the defendant's motor vehicle after she had entered the street in mid-block from in front of a parked car. Judgment was entered on the jury finding of not guilty, and this appeal has followed.

On April 22, 1955, the then three-year-old plaintiff resided with her parents at 1121 Crosby Street, Rockford, Illinois. Crosby Street ran in an easterly and westerly direction; Longwood ran in a northerly and southerly direction and intersected Crosby some 250 to 350 feet west of the scene of the accident; the next intersecting street west of there was Hall Street.

There were three witnesses to the accident; the minor plaintiff, who had no independent recollection of the accident; the defendant Buell, who testified under the provisions of Section 60 of the Civil Practice Act; and Kenneth Sanders, a neighbor of the minor plaintiff, who testified in her behalf.

Buell testified that he had been proceeding north on Hall and turned east on Crosby, proceeding at a speed of about 15 miles per hour. He had driven about 250 to 300 feet east of the intersection of Crosby and Longwood when the minor plaintiff was struck by his vehicle. He testified that as he approached the point of impact he saw no children in the area, more particularly the minor plaintiff, and that he neither sounded his horn, nor applied his brakes, before his vehicle struck the child.

Sanders testified that he had just backed his car from his residence on the north side of the street at 1132 Crosby and started to proceed westerly; that there were parked cars on both sides of the street, including one in front of 1121 Crosby; that there were children playing on both sides of the street, near where the accident occurred, and some of them crossed

81

the street from south to north about 40 to 50 feet in front of his moving vehicle before he saw the Buell vehicle approaching from the west; that when he was passing the parked car the defendant's car was close to 100 feet away and the minor plaintiff, who had been walking or running from the terraced lawn towards the street, stepped off the curb in front of the parked car.

At that time Sanders said that Buell was driving in a straight line and at a normal rate of speed. Although Sanders believed that an accident might happen, he did not signal to Buell, but brought his own car to a stop 40 to 50 feet west of the parked car. When the front of Buell's car hardly passed the parked car, the impact took place.

There was other evidence introduced in behalf of the minor plaintiff, such as the testimony of Police Officers and her attending physician, to which we will not allude as it is not necessary for our consideration of the issues.

██ The principal thrust of the appellant's brief is that the verdict and judgment are contrary to the manifest weight of the evidence. The function of this court in passing upon this question and the meaning to be given to the term "manifest weight of the evidence" have been well delineated by numerous decisions of Illinois courts of review. One of the most frequently cited cases in this connection is Schneiderman v. Interstate Transit Lines, Inc. (1947), 331 Ill App 143, 147, 72 NE2d 705, 706, in which the court said:

" 'There are many things which a jury observes on the trial in such case that do not appear from the printed record—the appearance of the respective witnesses, their manner of testifying and a great many other circumstances. They are in a

much better position in such case to determine the truth of the matter in controversy than a court of review.' . . . Under the law we cannot disturb the verdict of the jury unless it is clearly against the manifest weight of the evidence. *Manifest means clearly evident, clear, plain, indisputable.*" (Italics in original.)

From this it follows that if this court is able to say the not guilty verdict of the jury was clearly and indisputably against the manifest weight of the evidence, then we have the obligation of reversing and remanding the cause for a new trial. However, if this court is unable to say this, then it is our duty to affirm the verdict and judgment. Brown v. Boyles (1960), 27 Ill App2d 114, 169 NE2d 273; Piper v. Lamb (1960), 27 Ill App2d 99, 169 NE2d 164.

■ Initially, we may observe that it was the plaintiff's burden to establish the negligence of Buell by the greater weight or preponderance of the evidence. The mere fact that an accident occurred does not raise any inference of negligence on the part of Buell, and, of course, the minor plaintiff was incapable of contributory negligence.

The uncontroverted testimony of Buell was that he neither saw the minor plaintiff nor any other child in the street prior to the accident. This was at least partly corroborated by Sanders, who said that the other children had crossed the street before the Buell vehicle turned west on Crosby, and that the minor plaintiff stood in front of a parked car before proceeding into the street. Sanders also testified that the Buell vehicle was being operated in a straight line and at a normal rate of speed.

Accordingly, this case is not within the rule of Stowers v. Carp (1961), 29 Ill App2d 52, 64, 65, 172 NE2d 370, 376, in which this court said:

". . . it is ordinarily necessary to exercise greater care for the safety of young children than for adults possessing normal, mature faculties; children's conduct is unpredictable and one operating a motor vehicle under those circumstances should anticipate their thoughtlessness and impulsiveness; their presence or probable presence is in itself a warning; if the driver has knowledge or should, under the circumstances, have had knowledge of their presence he may in a particular case be liable even though he did not see the child in time to prevent the injury; ordinarily whether a driver should, under the circumstances, have been alerted to the necessity of looking for the presence of children is one of fact for the jury to solve as well as whether the duty, if it arose, has been properly performed."

In this state of the evidence we could not say with any degree of definiteness that the verdict and judgment were clearly and indisputably contrary to the manifest weight of the evidence.

We find no reversible error in the record and the judgment of the trial court is accordingly affirmed.

Judgment affirmed.

CARROLL and MORAN, JJ., concur.